Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| VIVA TRAVEL, LLC<br><br>Recurrente<br><br>v.<br><br>COMPAÑÍA DE TURISMO DE PUERTO RICO<br><br>Recurrida | KLRA202300613 | Revisión Judicial procedente de la Compañía de Turismo de Puerto Rico; Departamento de Transportación Turística<br><br>Sobre: Querella Agencia de Viajes<br><br>Caso Número: QAV2022-017 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de enero de 2024.

La parte recurrente, Viva Travel, LLC, comparece ante nos para que dejemos sin efecto la determinación notificada por la Compañía de Turismo de Puerto Rico (Compañía de Turismo), el 27 de octubre de 2023. Mediante la misma, el referido organismo, en reconsideración, declaró *Con Lugar* una querella sobre reclamación a agencia de viaje promovida por los aquí recurridos, el señor Eduardo J. Artau Feliciano y la señora Patricia Serrano Cotte, por sí y en representación de sus hijos menores. En consecuencia, impuso a la parte recurrente un término de treinta y seis (36) meses para efectuar el reembolso correspondiente.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 29 de septiembre de 2021, los aquí recurridos presentaron la querella de epígrafe en contra de la entidad recurrente por violación a los términos del Reglamento de Agentes y Mayoristas de

Número Identificador

SEN/RES2024_____

Viaje, Reglamento Núm. 8759 de 25 de mayo de 2016. En consecuencia, solicitaron el reembolso de una suma de $45,256.30, correspondiente al pago de un viaje cancelado.

Tras una previa determinación que declaró *Con Lugar* la querella de autos, y, en reconsideración de lo entonces resuelto, el 27 de octubre de 2023 la Compañía de Turismo modificó su dictamen, únicamente en cuanto al plazo dentro del cual la parte recurrente habría de efectuar el reembolso de lo pagado por los recurridos. De este modo, el organismo dispuso que esta disponía de un término de treinta y seis (36) meses, desde la notificación del pronunciamiento, para actuar de conformidad.

En desacuerdo, el 15 de noviembre de 2023, los recurridos presentaron una *Solicitud de Reconsideración*. Pendiente de adjudicación la misma, y a catorce días (14) desde su presentación, el 29 de noviembre de 2023, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. Por su parte, y en lo concerniente, el 27 de diciembre de 2023, los recurridos presentaron ante nos una moción intitulada *Solicitud de Desestimación por Prematuro*. Específicamente, argumentaron que el recurso de autos era ineficaz, toda vez la pendencia de una moción de reconsideración ante la agencia recurrida.

Procedemos a expresarnos de conformidad con la norma que atiende su trámite.

## II

### A

En el ámbito que atendemos, sabido es que la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Conforme lo dispuesto en la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017:

> Una parte afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...].

3 LPRA sec. 9655.

En armonía a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece igual término para la formalización de un recurso de revisión judicial, disponiéndose que el mismo es de carácter jurisdiccional, no susceptible a interrupción.

**B**

Por su parte, en materia de derecho administrativo, la moción de reconsideración está expresamente regulada por lo dispuesto en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, en su sección 3.15. En lo pertinente, dispone como sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.**
> [...] (Énfasis nuestro.)

**C**

Finalmente, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Matos Zayas y otros v. Registro de la Propiedad,* 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al,*

2023 TSPR 26, 211 DPR ___ (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción del tribunal al que se recurre. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá, et als v. Epifanio Vidal, SE,* 153 DPR 357, 366 (2001). Un recurso que se presenta antes de tiempo a la consideración del foro apelativo carece de eficacia jurídica y no produce efecto jurídico alguno, por lo que no puede atenderse en sus méritos. *Juliá, et als v. Epifanio Vidal, SE,* supra. De igual forma, el foro intermedio está impedido de acogerlo y de conservarlo con el propósito de reactivarlo posteriormente mediante una moción informativa. *Íd.*, pág. 367.

**III**

Siendo prematura la causa que nos ocupa, nada podemos disponer sobre sus méritos. Dada su inconformidad con el pronunciamiento notificado el 27 de octubre de 2023 por la Compañía de Turismo, el 15 de noviembre de 2023, los recurridos

presentaron una oportuna *Solicitud de Reconsideración*. Dicha incidencia interrumpió el curso de los términos provistos por ley y reglamento a los fines de que las partes en la presente causa pudieran acudir ante nos, hasta tanto la entidad se expresara al respecto o hasta que expirara el plazo de quince (15) días que le asiste para actuar de conformidad.

Sin embargo, aún pendiente de adjudicación la reconsideración en controversia, y todavía dentro del ámbito de la jurisdicción de la Compañía de Turismo, el 29 de noviembre de 2023, la parte recurrente radicó ante este Foro el recurso de revisión judicial que nos ocupa. De este modo, a tenor con la norma antes expuesta, resulta forzoso concluir que la presente gestión en alzada constituye un llamado anticipado al ejercicio de nuestras funciones de revisión. Así pues, toda vez que la agencia concernida aún dispone de autoridad para entender sobre el pliego en disputa, la causa ante nos sometida carece de eficacia jurídica, razón por la cual solo procede decretar su desestimación.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones