EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Julio C. Matos Zayas y Brenda Sostre Rivera<br><br>Peticionarios<br><br>v.<br><br>Registradora de la Sección II del Registro de la Propiedad de Carolina, Hon. Edna C. Bonnet Vázquez<br><br>Recurridos | 2023 TSPR 148<br><br>213 DPR ___ |

Número del Caso:  RG-2023-0002


Fecha:  22 de diciembre de 2023


Abogado de la parte peticionaria:

Lcdo. Ramón Rivera Cano


Registradora de la Propiedad:

Hon. Edna C. Bonet Vázquez


Abogados de los *Amicus Curiae:*

**Colegio Notarial de Puerto Rico:**

Lcdo. Arsenio Comas Rodón
Lcda. Virmarily Pacheco Rivera
Lcdo. Luis Rafael Rivera Rivera


Materia:  Derecho Registral: Jurisdicción del Tribunal Supremo sobre un Recurso Gubernativo; efecto de una falla tecnológica al notificar el aviso de solicitud de recalificación mediante correo electrónico.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Julio C. Matos Zayas y Brenda Sostre Rivera<br><br>Peticionarios<br><br>v.<br><br>Registradora de la Sección II del Registro de la Propiedad de Carolina, Hon. Edna C. Bonnet Vázquez<br><br>Recurridos | | RG-2023-0002 |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

En esta ocasión, este Tribunal debe intervenir en un asunto estrictamente procesal con el fin de salvaguardar el principio cardinal de justicia que sirve de base para nuestro ordenamiento jurídico registral. Confrontados con el cumplimiento de una parte con las exigencias reglamentarias que no pudo consumarse debido a una falla tecnológica, nos corresponde entonces trazar el camino a seguir en situaciones de esta índole. Comenzamos, pues, con un recuento de los hechos que enmarcan la controversia ante nuestra consideración.

I

El 25 de enero de 2023 y el 2 de febrero de ese mismo año, el Lcdo. Ramón Rivera Cano (notario Rivera Cano)

otorgó, respectivamente, dos (2) instrumentos públicos: uno de Partición parcial, adjudicación y liquidación de bienes hereditarios y otro de Donación. Ambos escritos fueron presentados para inscripción ante el Registro de la Propiedad el 23 de febrero de 2023.

Sin embargo, el 5 de julio de 2023, la Registradora de la Propiedad para la Sección II de Carolina, la Hon. Edna C. Bonnet Vázquez (Registradora), emitió una Carta de notificación para cada una de las escrituras presentadas. En ambas, identificó ciertas faltas que debían corregirse previo a ser inscritas en el Registro. En lo pertinente, advirtió del derecho a presentar un escrito de recalificación y señaló las fechas más importantes: la fecha de consentida el 26 de julio de 2023 y la fecha de caducidad para el asiento el 5 de septiembre de 2023.[1]

El 24 de julio de 2023, el notario Rivera Cano, en representación de sus clientes, el Sr. Julio C. Matos Zayas y la Sra. Brenda Sostre Rivera, presentó a través del Registro Inmobiliario Digital de Puerto Rico Karibe (Karibe) un Escrito de recalificación para cada una de las notificaciones de faltas que emitió la Registradora.[2] Según alegó en su recurso, en esa misma fecha el notario, procedió

---

[1] Apéndice de Recurso gubernativo, págs. 6 y 26.

[2] Íd., págs. 1-4 y 21-24.

a enviar unos correos electrónicos a la Registradora.[3] Esto tenía el objetivo de informarle de la presentación de los Escritos de recalificación como documentos complementarios al asiento, conforme lo exige la Regla 241.3 del Reglamento para la ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, infra.

Este narró que, días más tarde, llamó a la oficina de la Registradora para cuestionar por qué no se había extendido una nota de interrupción sobre los asientos tras la presentación oportuna de los escritos. Según el notario Rivera Cano, en ese momento fue informado que sus correos electrónicos no habían sido recibidos por la Registradora dentro de los veinte (20) días desde que fueron notificadas las deficiencias en las escrituras, por lo que no procedía atender los escritos en los méritos.

En lo pertinente, el notario Rivera Cano sostuvo que, acto seguido, colaboró con la Sección de Informática del Departamento de Justicia (Informática) con el fin de precisar la razón por la que la Registradora no había recibido los correos electrónicos. Indicó que, al cabo de unos días, Informática determinó que el sistema de correos electrónicos del Departamento de Justicia había bloqueado

---

[3]Apéndice de Moción urgente en auxilio de jurisdicción, págs. 13-14.

y retenido en su servidor central los correos electrónicos del notario hacia la Registradora. Relató que, a pesar de comunicarle de este hecho a la Registradora, esta mantuvo inalterada su posición con respecto a la falta de cumplimiento con la notificación.

A raíz de lo anterior, el notario Rivera Cano instó el Recurso Gubernativo que nos ocupa. En su comparecencia, este arguyó que cumplió con lo exigido en ley mediante el envío oportuno de las notificaciones, que es lo único sobre lo que tiene control, y que fue el propio servidor del Departamento de Justicia lo que obstaculizó su entrega efectiva, de lo cual no tuvo sospecha o advertencia posterior. A esto añadió que la Registradora tenía a su alcance los Escritos de recalificación, los cuales fueron presentados en Karibe durante el término para ello y que el sistema debió alertarle de ello. Además, sostuvo que el requerimiento de notificación por correo electrónico es un ejercicio de duplicidad fútil que desnaturaliza el propósito de la digitalización del sistema. Asimismo, argumentó en los méritos su oposición a los señalamientos de deficiencias emitidos por la Registradora y, finalmente, razonó que, al negarse a atender los Escritos de recalificación a pesar de una presentación oportuna, la Registradora denegó la inscripción de facto por lo que procede nuestra revisión.

Por su parte, la Registradora presentó una Moción solicitando desestimación por incumplimiento con Artículo 241, Artículo 245 y Regla 241.3 de la Ley 210 conocida como Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico del 8 de diciembre de 2015. En esta, arguyó que, en ausencia de una notificación de denegatoria de inscripción, el notario Rivera Cano no podía acudir ante este Tribunal. Afirmó que los Escritos de recalificación no fueron presentados conforme a Derecho, pues no se envió de forma inmediata la notificación a su correo electrónico y el Registro de la Propiedad no puede responsabilizarse por los problemas que confronten los notarios con sus cuentas de correo electrónico. Precisó que Karibe no envía notificación alguna cuando se aneja un documento complementario a un asiento, por lo que es responsabilidad del notario notificar al Registrador y que, en este caso, el notario Rivera Cano intentó corroborar el recibo de los Escritos pasada la fecha de consentida. Finalmente, rechazó que ocurriera una denegación de facto de los Escritos.

Asimismo, el 6 de septiembre de 2023, el Colegio Notarial de Puerto Rico (Colegio Notarial) compareció ante este Tribunal mediante una Solicitud de autorización para comparecer como amicus curiae. Este Tribunal así lo concedió mediante una Resolución y el 2 de octubre de 2023, el Colegio Notarial presentó su Alegato como amicus curiae.

Trabada así la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto, no sin antes repasar el Derecho aplicable a la controversia.

**II.**

**A.**

Como se sabe, los tribunales deben atender con prioridad los asuntos jurisdiccionales que son traídos a su atención. Fuentes Bonilla v. ELA et al., 200 DPR 364, 372 (2018). La razón para ello es que un tribunal sin jurisdicción está impedido de atender los méritos de la controversia. Oriental Bank v. Quiñones Vigo, 209 DPR 384, 390 (2022). En fin, la jurisdicción es la autoridad que tienen los tribunales para atender y decidir casos o controversias. Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018).

De ordinario, este Tribunal posee jurisdicción para atender mediante un recurso gubernativo la calificación final de un Registrador de la Propiedad en la cual se deniega el asiento solicitado por el peticionario. Art. 3.002(h) de la Ley Núm. 201-2003, conocida como la Ley de la Judicatura de Puerto Rico de 2003, 4 LPRA sec. 24s; Regla 27 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Es decir, el recurso gubernativo procede con el fin de revisar la calificación de un registrador que suspenda o deniegue la inscripción o anotación de un documento

presentado para su registración, por lo que nuestra jurisdicción se activa tras la denegatoria o suspensión de la inscripción. FirstBank Puerto Rico v. Registradora de la Propiedad de Ponce, 208 DPR 64, 76 (2021).

Conforme dispone el Art. 244 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley Núm. 210 de 2015, según enmendada, 30 LPRA sec. 6404, "[e]l notario, funcionario autorizado o el interesado podrá recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento, mediante la presentación de un recurso gubernativo. No obstante, no podrá interponer el recurso quien no haya radicado oportunamente el escrito de recalificación". Consecuentemente, según establecido en el Art. 245 del mismo estatuto, "[e]l notario, funcionario autorizado o el interesado, podrá radicar recurso gubernativo ante el Tribunal Supremo de Puerto Rico dentro del término improrrogable de veinte (20) días a partir de la notificación de la denegatoria". 30 LPRA sec. 6405.

**B.**

En nuestro ordenamiento, la facultad que define el rol del Registrador es la de calificar los documentos que son presentados ante el Registro de la Propiedad. Tal ejercicio consiste en examinar o comprobar la legalidad de aquello cuya inscripción en el Registro de la Propiedad se aspire. L.R. Rivera Rivera, Derecho Registral Inmobiliario

Puertorriqueño, 3ra ed., San Juan, Jurídica Eds., 2012, pág. 275. Sin tal función "no podría cumplirse el principio de legalidad que gobierna el sistema inmobiliario registral", el cual materializa "el propósito de que el Registro encierre solo actos válidos y derechos perfectos". United Surety v. Registradora, 192 DPR 187, 201 (2015); Popular Mortg. v. Registrador, 181 DPR 625, 631 (2011). A la luz de tal imperativo, se consideran válidos y perfectos aquellos títulos que reúnen los requisitos estatutarios o reglamentarios. Western Fed. Savs. Bank v. Registrador, 139 DPR 328, 332-333 (1995).

Si un notario, funcionario autorizado o interesado no está conforme con la calificación que emite el Registrador, este tiene derecho a presentar dentro del término improrrogable de veinte (20) días un escrito de recalificación exponiendo sus objeciones a la calificación, los fundamentos legales y una solicitud específica de lo que interesa. Art. 241 de la Ley Núm. 210-2015, 30 LPRA sec. 6401. El escrito de recalificación deberá ser recibido en la sección del Registro de la Propiedad correspondiente dentro del referido término. Íd.

En lo que concierne a este caso, la Regla 241.3 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Reglamento Núm. 8814 aprobado el 31 de agosto de 2016, según enmendado, establece que:

Hasta tanto el sistema de informática registral provea para este procedimiento, todo escrito de recalificación se someterá por la vía electrónica a través del sistema de informática registral como un documento complementario del documento notificado. Una vez sometido el escrito, el notario inmediatamente enviará a la dirección de correo electrónico del Registrador que notificó el documento un aviso de solicitud de recalificación expresando los datos de presentación del documento notificado. El escrito de recalificación y el aviso de solicitud de recalificación al Registrador deberán ser recibidos en el Registro en o antes de las doce (12:00) de la medianoche del último día del término correspondiente. El Registro no aceptará escritos de recalificación presentados personalmente.

Expuesto el Derecho pertinente, procedemos a discutir su aplicación a esta controversia.

**III**

En lo que nos compete en esta instancia, el notario Rivera Cano sostiene que la Registradora se rehúsa a aceptar sus Escritos de recalificación a pesar de que cumplió cabalmente con su responsabilidad según impuesta por la Regla 241.3 del Reglamento, supra. A esto añade que una falla en el propio servidor del Departamento de Justicia no puede serle atribuida y ser tomada como justificación para negar atender en sus méritos el reclamo que presentó oportunamente.

Por su parte, la Registradora plantea que este Tribunal está impedido de atender los planteamientos del notario Rivera Cano porque, al no presentar un escrito de recalificación, no se emitió una nota de denegatoria de inscripción y, por lo tanto, no se materializaron los

requisitos jurisdiccionales para revisar la calificación del Registrador. Insiste en que el notario incumplió con el requisito de notificación dentro del término establecido, pues los correos electrónicos no entraron a su buzón previo al transcurso de la fecha de consentida. Arguye que, toda vez que Karibe no envía notificaciones, es responsabilidad del notario, no del Registro de la Propiedad, asegurarse que su notificación sea recibida a tiempo.

De entrada, es imperativo disponer del planteamiento jurisdiccional que trae la Registradora ante nuestra consideración.

Según se indicó, nuestra capacidad para revisar mediante un Recurso Gubernativo la suspensión, denegación o anotación de un documento presentado ante el Registro de la propiedad depende de que: (1) se haya presentado un escrito de recalificación oportuno ante el Registrador de la Propiedad correspondiente, y (2) tome lugar una denegatoria o suspensión de la inscripción.

En primer lugar, conforme se discutirá más adelante, en este caso sí hubo una presentación oportuna de un escrito de recalificación. Sin embargo, en segundo lugar, es necesario señalar que este Tribunal ha intimado anteriormente que es posible revisar mediante un recurso gubernativo el que un Registrador de la Propiedad "hubiera dejado de calificar" un documento inscribible. Jiménez v. Registrador, 62 DPR 547, 548 (1943). Además, si bien es

cierto que aquí no se produjo una denegatoria o suspensión de la inscripción, precisa destacar que, aunque el notario se adentra en los méritos de las deficiencias señaladas en su recurso, este también nos plantea a través de la Moción urgente en auxilio de jurisdicción, una controversia cuya falta de resolución imposibilita la continuación de procedimiento alguno en la inscripción solicitada.

Entiéndase, la verdadera controversia que este Tribunal tiene ante su consideración no es la validez de los señalamientos que emitió la Registradora. Por el contrario, esta se centra, en realidad, en que este Tribunal representa la única vía de auxilio que tiene disponible la parte peticionaria ante el impasse que ha provocado un fallo tecnológico que obstruyó el fiel cumplimiento con la reglamentación atinente. Dicho de otro modo, la controversia que hoy debe atender este Tribunal versa, específicamente, sobre la consecuencia que tiene el error tecnológico, no atribuible a la persona que interesa la calificación sino al Departamento de Justicia, el cual interrumpió la entrega oportuna del correo electrónico del notario Rivera Cano.

Recuérdese, este Tribunal:

tiene amplia facultad para pasar y decidir sobre cualquier área relativa a la calificación de los documentos afectados; y no debe rehuir su acción supervisora del Registro de la Propiedad reservando su criterio de calificación, especialmente en aspectos que trascienden la particular operación de registro objeto del recurso, y en los que nuestra preceptiva sentará

pauta a seguir en todas las secciones del Registro y del notariado en general. <u>Hous. Inv. Corp. v. Registrador</u>, 110 DPR 490, 501 (1980).

Por consiguiente, siendo este un asunto que trasciende la operación del registro objeto del recurso, poseemos la facultad para intervenir en esta etapa de los procedimientos. Veamos.

Conforme se relató, el 5 de julio de 2023, la Registradora emitió una <u>Carta de notificación</u> señalando las faltas de cada una de las dos (2) escrituras presentadas por el notario Rivera Cano.[4] En estas advirtió que la parte contaba con un término de veinte (20) días para presentar un escrito de recalificación y que la fecha de consentida era el 26 de julio de 2023.[5]

El notario Rivera Cano presentó un <u>Escrito de recalificación</u> para cada uno de los dos (2) asientos, uno con fecha de 23 de julio de 2023 y el otro 24 de julio de 2023.[6] Según surge de la prueba documental que obra en el expediente, el notario Rivera Cano envió dos (2) correos electrónicos a la dirección <u>ebonnet@justicia.pr.gov</u> el 24 de julio de 2023, ambos con el mismo mensaje: "Adjunto copia de cortesía del Escrito de Recalificación que fuera presentado como documento complementario al Asiento de

---

[4]Los números de asiento de presentación son 2023-021180-CR02 y 2023-0212310CR02.

[5]Apéndice de <u>Recurso Gubernativo</u>, págs. 6 y 26.

[6]Íd., págs. 1-4 y 21-24.

referencia".[7] El identificado como "Escrito de Recalificación – Asiento 2023-021180-CR02" fue enviado a las 12:05 AM y el intitulado "Escrito de Recalificación – Asiento 2023-021231-CR02" a la 1:52 AM.[8]

Posteriormente, el notario Rivera Cano intercambió correos electrónicos durante varios días con el Sr. Emilio Báez Cintrón, Gerente de Sistemas de Información en la Oficina de Informática del Departamento de Justicia (señor Báez Cintrón). Esto tenía el propósito de esclarecer la razón por la que sus mensajes electrónicos no fueron entregados a la Registradora.[9] El 17 de agosto de 2023, el señor Báez Cintrón envió un correo electrónico a la Sra. Janette Ruíz Colón, Supervisora de la Sección Carolina Sur para el Registro Inmobiliario Digital (señora Ruíz Colón). En este adjuntó una imagen que indica la detección de un mensaje del notario Rivera Cano como "spam". El cuerpo del mensaje lee como sigue:

> El Sistema de Justicia detecta al correo electrónico ramonriveracano@gmail.com como uno de riesgo de SPAM, por lo cual no le permitía la entrega de los emails. Se estableció que pudiera pasar a pesar de esto, pero hoy se realiza el

---

[7]Apéndice de Moción urgente en auxilio de jurisdicción, pág. 13.

[8]Íd., pág. 14. Según la Carta de notificación que emitió la Registradora y la moción que presentó ante este Tribunal, la dirección de correo electrónico antes consignada es la correcta. Los correos electrónicos también fueron enviados a llrivera@justicia.pr.gov, el cual corresponde a la Sra. Llanilín Rivera, Técnico del Registro de la Propiedad.

[9]Íd., págs. 19-25.

análisis con la herramienta por lo cual se procede a eliminar el bypass establecido para esta cuenta de correo electrónico. Por lo cual el Lcdo[.] Rivera Cano debe realizar sus gestiones para limpiar su o sus correos electrónicos.[10]

Ese mismo día, la señora Ruíz Colón envió un correo electrónico al notario Rivera Cano. En este indicó que, tras corroborar con el señor Báez Citrón:

que el problema con su correo electrónico no se debió a contrariedades con el Sistema de Informática del Departamento de Justicia, [por lo que] se concluyó que el escrito de recalificación no puede ser aceptado.

Por ende, no habiendo cumplido con los términos establecidos en la Ley Hipotecaria 210 y su Reglamento, la notificación continuará su curso. No obstante, estamos a su disposición para cualquier consulta relacionad[a] con los defectos señalados en la notificación.[11]

Como puede verse, el notario Rivera Cano envió los dos (2) correos electrónicos con la notificación sobre la presentación de los Escritos de recalificación a la dirección correcta y dentro del término reglamentario para ello. No obstante, según lo explicó el señor Báez Cintrón, el sistema del Departamento de Justicia identificó erradamente la dirección de correo electrónico del notario Rivera Cano como uno de amenaza de "spam" y bloqueó la entrega de sus correos electrónicos a la Registradora. Entiéndase, el notario Rivera Cano dirigió correcta y oportunamente sus notificaciones, haciendo de esta forma

---

[10]Íd., pág. 18.

[11]Íd., pág. 17.

todo lo que estaba dentro de su poder para cumplir con la responsabilidad que le impone la Regla 241.3 del Reglamento, <u>supra</u>.

Ahora bien, aunque la señora Ruíz Colón le indicó que ello no se debió a una "contrariedad con el Sistema de Informática del Departamento de Justicia", fue precisamente el propio sistema el que designó la dirección electrónica del notario Rivera Cano como una de riesgo de "spam" e impidió que sus correos electrónicos fueran entregados, sin advertencia alguna a cualquiera de las partes incluidas en la comunicación. Lo que es más, no es hasta que el notario Rivera Cano indaga y da seguimiento al Departamento de Justicia por varios días, --lo que, contrario a lo que argumenta la Registradora, no es parte de las responsabilidades que impone el Reglamento--, que se produce una respuesta a la interrogante sobre la falta de entrega de sus comunicaciones. Aun así, demostrado no solo el envío correcto y oportuno de las notificaciones, sino también que cualquier dilación en la entrega no podía ser atribuida a este, el notario Rivera Cano fue informado que incumplió con el requisito de notificación y, por ende, sus <u>Escritos de recalificación</u> no serían aceptados.

En este punto, es importante contrastar esta situación con la que confrontamos en <u>B.L. Invest., Inc. v. Registradora</u>, 158 DPR 220 (2002), la cual, aunque no análoga, comparte ciertos paralelismos con el caso que está

hoy ante nuestra consideración. A modo de resumen, en aquella controversia la Registradora de la Propiedad se negó a recibir un documento en el que se hacía referencia a un escrito de recalificación y, en consecuencia, determinó que había transcurrido el término para solicitar la recalificación.

En específico, tras la identificación de ciertas faltas a la escritura cuya inscripción se solicitaba, el notario envió un primer escrito de recalificación por correo certificado que, a pesar de haber sido enviado y recibido en el Departamento de Justicia dentro del término, no fue recibido por la Registradora de la Propiedad oportunamente y, por consiguiente, no fue acogido como tal, sino como uno de subsanación. Posteriormente, después del señalamiento de faltas adicionales, otro escrito y la notificación de otras faltas, se envió un tercer escrito de recalificación. No obstante, la Registradora de la Propiedad sostuvo que tampoco lo recibió y, tras la caducidad del asiento de presentación, se negó a recibir un documento que demostraba su presentación oportuna. Similarmente, cuando el notario acudió ante este Tribunal, la Registradora alegó que carecíamos de jurisdicción.

En aquel entonces, con respecto al primer escrito de recalificación, determinamos que fue el Departamento de Justicia quien tardó nueve (9) días en entregar a la Registradora el documento, por lo que "[e]ste trámite

interno es claramente independiente de la obligación de la parte interesada de presentar el escrito de recalificación en el Registro o de remitirlo" dentro del término reglamentario, por lo que "[r]esulta inapropiado penalizar a la parte interesada por un trámite interagencial entre el Departamento de Justicia y el Registro de la Propiedad". (Énfasis suplido). Íd., págs. 228-229. En lo que respecta al tercer escrito de recalificación, de igual forma concluimos que, debido a la evidencia que obraba en el expediente, era evidente que este escrito también había sido presentado oportunamente, aun cuando la Registradora de la Propiedad argumentaba que nunca lo recibió. A la luz de estos hechos, este Tribunal ordenó a la Registradora a que actuara sobre la solicitud de recalificación, en aquel caso la tercera.

Según puede apreciarse, **hemos sido consecuentes en que las deficiencias en los trámites internos del Departamento de Justicia y el Registro de la Propiedad no pueden ser usados en contra de una parte que actuó correctamente dentro del marco de sus obligaciones**. La diferencia entre la entrega por correo regular y la entrega del correo electrónicamente que caracteriza a ambos casos es irrelevante en lo que respecta a este principio.

Conforme indicamos en FirstBank Puerto Rico v. Registradora de la Propiedad de Ponce, supra, pág. 70, la intención clara de la Ley Núm. 210-215, supra, es hacer los

procesos registrales más eficientes a través de la digitalización y el uso de la tecnología. Sin embargo, a pesar de su valor incalculable en la evolución de nuestro Derecho Registral, la tecnología no es infalible y la controversia ante nuestra consideración así lo ejemplifica diáfanamente. En consecuencia, adscribirle tal falla de forma inflexible a un notario que actuó en línea con las exigencias estatutarias e imponerle el peso de las repercusiones que ello acarrea, en este caso la caducidad del asiento presentado, no obra en servicio de la eficiencia o la justicia. Al contrario, ello opera activamente en contra de los principios que promueve, no solo el estatuto imperante, sino también los que guían nuestro ordenamiento.

Por tanto, tomando en consideración los hechos particulares de esta controversia y demostrado así el cumplimiento con la presentación oportuna de los Escritos de recalificación y el envío de las notificaciones por correo electrónico, las cuales no fueron entregadas a tiempo por una falla tecnológica fuera del alcance del remitente, procede que se dé por cumplida la Regla 241.3 del Reglamento, supra, y se continúe con el trámite ante la consideración de la Registradora.

Ante ese cuadro, descargamos nuestra responsabilidad de pautar una interpretación cónsona con el mandato legislativo expuesto. En la misma línea, es imperativo remarcar la comparecencia como amicus curiae del Colegio

Notarial, la cual demuestra cuán propensa a repetirse es esta controversia debido a una falla a gran escala en el sistema de presentación de escritos de recalificación. En esta, el Colegio Notarial destaca que el Sistema Karibe adolece de ciertas carencias que afectan la coordinación entre el Registro y la práctica de la notaría, particularmente la ausencia de un andamiaje para la interposición y notificación directa y automática de escritos de recalificación.

Al respecto, señala que la propia Regla 241.3 del Reglamento, supra, reconoce que Karibe carece de una herramienta apropiada para ello, indicando que "[h]asta tanto el sistema de informática registral provea para este procedimiento", la parte interesada en presentar el escrito tiene que instalarlo como un documento complementario y entonces notificar su presentación externamente mediante un correo electrónico. Argumenta, no solo que ello no es necesario en sistemas análogos como el Sistema Unificado de Manejo y Administración de Casos (SUMAC) y el Sistema Unificado de Rentas Internas (SURI), sino que también impone sobre el notario la responsabilidad de notificar al Registrador y, con ello, las consecuencias de cualquier falla que ocurra en el trámite, según lo ejemplifica este caso. Ciertamente, como bien argumenta el Colegio Notarial,

> [e]l interés general, en cuya virtud se ha establecido el correspondiente servicio, reclama que se garantice durante toda su vigencia la asequibilidad y la calidad en un marco de

continuidad y regularidad en la prestación. Para que todo ello sea posible, es necesario que el sistema registral instrumente mecanismos eficientes que garanticen la publicidad de los derechos reales susceptibles de inscripción. En consecuencia, ningún sistema registral puede proteger la seguridad de tales derechos si carece de un modelo de operación adecuadamente diseñado e instrumentado.

La modernización es un proceso permanente que exige mejoras continuas para que las instituciones sean organismos eficientes y eficaces en el cumplimiento de la función que tienen asignada: ofrecer seguridad jurídica mediante la inscripción y publicidad de los actos que requieren satisfacer tal requisito para surtir efectos frente a terceros. Por ello es necesario uniformar las normas y las formas de operar; estandarizando la operación registral se mejora la calidad de los servicios. Aún hay bastante margen para el desarrollo de avances tecnológicos en muchas áreas, en las que las herramientas digitales pueden contribuir a mejorar y agilizar una gran cantidad de procedimientos, y, desde una perspectiva conjunta, pueden llegar a influir sobre aspectos fundamentales de la economía y el desarrollo de un país.[12]

A la luz de los hechos que enmarcan esta controversia, conforme lo suplica el Colegio Notarial, corregir esta deficiencia es imprescindible para el funcionamiento más eficaz del sistema. En consecuencia, es imperativo que el Departamento de Justicia y al Registro de la Propiedad dirijan esfuerzos conducentes a remediar la manera en la que se presentan y se notifican los escritos de recalificación, tomando en consideración que, conforme hemos resuelto el día de hoy, mientras permanezca el sistema

---

[12] Alegato como amicus curiae, págs. 8-9.

actual, sus deficiencias no podrán ser atribuidas a los usuarios que hacen uso responsable del mismo.

### IV

Por los fundamentos antes expresados, se determina que el notario Rivera Cano cumplió con notificar oportunamente a la Registradora de la Propiedad, Hon. Edna C. Bonnet Vázquez, de la presentación de los <u>Escritos de recalificación</u>, por lo que procede que esta los atienda y emita las determinaciones que procedan en Derecho. Por consiguiente, se devuelve el asunto a la atención de la Registradora para la continuación con los procedimientos ulteriores consecuentes con esta Opinión.

Se dictará Sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Julio C. Matos Zayas y Brenda Sostre Rivera<br><br>Peticionarios<br><br>v.<br><br>Registradora de la Sección II del Registro de la Propiedad de Carolina, Hon. Edna C. Bonnet Vázquez<br><br>Recurridos | RG-2023-0002 | |

Sentencia

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se devuelve el asunto a la atención de la Registradora para la continuación con los procedimientos ulteriores consecuentes con esta Opinión.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo