Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| NIEVES & NIEVES ENGINEERS AND CONTRACTORS, INC. **Licitador Agraciado** v. JUNTA DE SUBASTAS DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO **Recurrida** R & V GENERAL CONTRACTOR, CORP. **Recurrente** | KLRA202300629 | **REVISION ADMINISTRATIVA** Procedente de la Junta Revisora de Subastas Administración de Servicios Generales Civil núm.: **JR-23-146** Subasta Núm. 23-SP-043 Sobre: "ARECIBO-DESIGN AND BUILD FOR THE IMPROVEMENTS TO CERRO MARQUEZ PUMP STATION AND WATER STORAGE TANKS" |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de febrero de 2024.

Comparece ante nos, R&V General Contractor, Corp., en adelante, R&V General o recurrente, solicitando que revisemos la *"Resolución"* de la Junta Revisora de Subastas de la Administración de Servicios Generales, en adelante, Junta Revisora, del 3 de noviembre de 2023. En la misma, la Junta Revisora determinó que la controversia del caso de epígrafe se tornó académica.

Por los fundamentos que expondremos a continuación, *desestimamos* el presente recurso por *falta de jurisdicción.*

**I.**

La Junta de Subastas de la Autoridad de Acueductos y Alcantarillados, en adelante, Junta AAA, notificó la adjudicación de la subasta 23-SP-043 a favor de R&V General, el 25 de septiembre

de 2023.[1] El trabajo consistía en la realización de unas mejoras a Cerro Márquez Pump Station y a unas cisternas en el Municipio de Arecibo.

La compañía Nieves & Nieves Engineers And Contractors, Inc., en Adelante, Nieves & Nieves, fue uno de los licitadores no agraciados. Inconforme con el resultado, la mencionada compañía notificó a la Autoridad de Acueductos y Alcantarillados, en adelante, Agencia, una *"Solicitud de Revisión Administrativa y Solicitud de Vista Administrativa"* ante la Junta Revisora para que se reevaluara su propuesta nuevamente, y revocara la adjudicación a R&V General.[2]

En su recurso, Nieves & Nieves arguyó que la Agencia actuó caprichosamente, al adjudicar la subasta al cuarto licitador más alto, cuando ella cumplía con todos los requisitos dispuestos en la subasta y fue el licitador con la propuesta más baja.[3] Nieves & Nieves impugnó en su recurso las razones ofrecidas por la Junta AAA para no adjudicarle la subasta. Específicamente, refutó el alegado incumplimiento de su parte con la entrega de un diagrama eléctrico (*One Line Diagram*), el cual fue solicitado como parte de los documentos necesarios en las propuestas de los licitadores.[4]

El Comité Evaluador analizó las propuestas nuevamente, y el 13 de octubre de 2023 informó, mediante misiva, que Nieves & Nieves había sido evaluado desacertadamente.[5] Concluyó que la Junta AAA erró al recomendarle a la Presidenta Ejecutiva de la AAA, la Ing. Pagán Crespo, en adelante, Presidenta Ejecutiva, la adjudicación de la subasta en cuestión a R&V General.[6] Expuso en su análisis que Nieves & Nieves había, en efecto, entregado el

---

[1] Apéndice del recurso, pág. 4.
[2] *Id.* pág. 142.
[3] *Id.* pág. 144.
[4] *Id.* pág. 145.
[5] *Id.* pág. 245.
[6] *Id.*

diagrama eléctrico, y que el mismo se encontraba en el lado superior derecho de la página cuarenta y siete (47) de su propuesta.[7]

Por su parte, el 16 de octubre de 2023, la Junta Revisora notificó que acogió el recurso de revisión presentado por Nieves & Nieves.[8] Ese mismo día, la Agencia emitió una *"Recomendación para Adjudicación Enmendada"*, concurriendo con la reevaluación del Comité Evaluador, y recomendándole a la Presidenta Ejecutiva que adjudique la subasta 23-SP-043 a Nieves & Nieves, la cual fue posteriormente aprobada por esta, el 19 de octubre de 2023.[9]

La Agencia presentó su *"Contestación a Recurso de Revisión Administrativa"* ante la Junta Revisora.[10] En respuesta a la reevaluación de las propuestas, y las recomendaciones acogidas, la Agencia solicitó a la Junta Revisora que declarara "Ha Lugar" la solicitud de revisión presentada por Nieves & Nieves.[11]

Por su parte, R&V General presentó un escrito intitulado *"Oposición/Réplica a Recurso de Revisión Administrativa de Nieves & Nieves y a Contestación a Recurso de Revisión Administrativa de la Autoridad de Acueductos y Alcantarillados"* el 25 de octubre de 2023.[12]

Ante este cuadro fáctico, el 3 de noviembre de 2023, la Junta Revisora emitió una *"Resolución"* en la que desestimó la controversia del caso de marras por academicidad, concluyendo que la subasta 23-SP-043 quedó adjudicada finalmente a Nieves & Nieves.[13] Hacemos constar que al pie de la referida resolución se encontraba la siguiente notificación:

> Se advierte que cualquier parte adversamente afectada por
> esta Resolución podrá presentar un recurso de revisión

---

[7] Apéndice del recurso, pág. 245.
[8] *Id.* pág. 236.
[9] *Id.* pág. 247.
[10] *Id.* pág. 238.
[11] *Id.* pág. 241.
[12] *Id.* pág. 248.
[13] *Id.* pág. 1.

judicial ante el Tribunal de Apelaciones dentro del término de **veinte (20) días**, contados a partir del archivo en autos de copia de esta Resolución.[14]

Sin embargo, la recurrente presentó una *"Moción de Reconsideración a Resolución"* el 10 de noviembre de 2023, ante la Junta Revisora.[15] La mencionada Junta no acogió, ni se pronunció al respecto de esta moción.

Así las cosas, el 7 de diciembre de 2023, la recurrente, presentó ante esta Curia el *"Recurso de Revisión Administrativa"* que nos ocupa. En el mismo, R&V General nos hace el siguiente señalamiento de error:

> ERRÓ LA JUNTA REVISORA DE SUBASTAS DE LA A.S.G. EN DECRETAR ACADÉMICO Y DESESTIMAR EL RECURSO DE REVISIÓN ADMINISTRATIVA INICIADO POR NIEVES & NIEVES SIN ADJUDICAR, CONFORME A DERECHO Y SU PROPIO REGLAMENTO, LA SUBASTA A NIEVES & NIEVES ANTE EL ERROR DE LA JUNTA DE SUBASTAS DE LA AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS EN RECOMENDAR LA SUBASTA 23-SP-043 A NIEVES & NIEVES CUANDO LA MISMA INCUMPLÍA CON LAS ESPECIFICACIONES DEL PLIEGO.

El 12 de diciembre de 2023, este Tribunal emitió una *"Resolución",* en la que ordenó a la parte recurrente a evidenciar el cumplimiento con lo dispuesto en la Regla 58 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58, en o antes del 15 de diciembre de 2023. Además, se le concedió hasta el 8 de enero de 2024 a la parte recurrida a presentar su posición en cuanto al recurso de revisión administrativa, conforme a lo dispuesto en la Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63.

Luego de otorgar unas prórrogas para las alegaciones responsivas de la Agencia y Nieves & Nieves, este Tribunal le

---

[14] Apéndice del recurso, pág 2.
[15] *Id.* pág. 260.

concedió a las recurridas un término final a vencerse el 12 de enero de 2024.

El 8 de enero de 2024, compareció Nieves & Nieves, mediante *"Moción de Desestimación por Falta de Jurisdicción"*. El 11 de enero de 2024, el recurrente presentó una *"Moción en Oposición a Moción de Desestimación"*. Por su parte, la Agencia compareció el 12 de enero de 2024, mediante una *"Moción en Solicitud de Desestimación por Falta de Jurisdicción"*.

Analizados los recursos ante nuestra consideración, y el expediente que obra en autos, procedemos a expresarnos.

**II.**

**A. Jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Matos Zayas et al v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage, Inc. v. Fossas Blanco et al*, 211 DPR 135, 144 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el

ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o *por el tribunal motu proprio. MCS Advantage, Inc. v. Fossas Blanco et al,* supra, pág. 145; *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 386.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves,* supra, pág. 273; *FCPR v. ELA et al,* supra.

En adición, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B)      Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1)      que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> (C)      El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
>
> [Énfasis suplido].

### B. Junta Revisora de Subastas de la Administración de Servicios Generales

La Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019, Ley 73-2019, 3 LPRA et seq. 9831, en adelante, Ley 73-2019, en su

Exposición de Motivos, establece como política pública del Gobierno de Puerto Rico la centralización de los procesos de compras gubernamentales bienes, obras y servicios. Esto último con el fin de lograr mayores ahorros fiscales y la transparencia en la gestión gubernamental. En armonía con lo anterior, se delegó en la Administración de Servicios Generales la responsabilidad de implantar la política pública, dirigir el proceso de adquisición de bienes y servicios y la contratación de servicios del Gobierno de Puerto Rico, entre otros. Ley 73-2019, supra, sec. 9832(e).

Mediante la Ley 73-2019 se creó a la Junta de Subastas, adscrita a la Administración de Servicios Generales, de naturaleza cuasijudicial, con la facultad de evaluar y adjudicar las subastas del Gobierno de Puerto Rico. Ley 73-2019, supra, sec. 9836. La Junta de Subastas está facultada para emitir invitaciones de subastas y solicitudes de propuestas selladas, evaluar y adjudicar las propuestas y/o subastas, no aceptar licitaciones que contengan precios en exceso del precio de venta al detal sugerido por el manufacturero, entre otros. Por otro lado, también se creó la Junta Revisora de Subastas, adscrita a la Administración, de igual naturaleza cuasijudicial, facultada para revisar cualquier impugnación de las determinaciones o adjudicaciones hechas, entre otras, por la Junta de Subastas. Ley 73-2019, supra, sec. 9837.

El Artículo 68 de la Ley 73-2019, supra, sec. 9838(e) dispone que la parte adversamente afectada por una determinación de la Junta Revisora podrá recurrir a este Tribunal mediante un recurso de revisión, conforme a lo establecido en Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, Ley 38-2017, 3 LPRA et seq. 9601. Por su parte, la LPAU dispone lo siguiente:

> **En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final**

*de la agencia, de la Junta Revisora de Subastas de la Administración de Servicios Generales*, o de la entidad apelativa de subastas, según sea el caso, *podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de veinte (20) días*, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, la referida Junta Revisora de Subastas de la Administración de Servicios Generales o la entidad apelativa, o dentro del término aplicable de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley.

LPAU, supra, sec. 9672. (Énfasis suplido).

Por otro lado, y en cumplimiento con lo dispuesto en el Artículo 25, se crea el Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico, en adelante, Reglamento Núm. 9230, aprobado por el Departamento de Estado de 18 de noviembre de 2020. En el mismo, se disponen las normas y procedimientos a seguir para la adquisición de bienes, obras y servicios no profesionales en el Gobierno. Ley 73-2019, supra, sec. 9834(a).

**III.**

La controversia en el caso de epígrafe tiene su génesis con la adjudicación de la subasta 23-SP-043, por la Junta AAA. La misma fue originalmente concedida al recurrente. Inconforme, Nieves & Nieves impugnó la adjudicación, y prosperó en su recurso de revisión ante la Junta Revisora.

En su dictamen, la Junta Revisora desestimó el recurso por entenderlo académico. Esta conclusión surge de la recomendación hecha a la Presidenta Ejecutiva, por el comité de la AAA – quien reevaluó la adjudicación de la subasta en cuestión. La Presidenta Ejecutiva aprobó la adjudicación enmendada, para así conceder la subasta a Nieves & Nieves.

Al pie de su *"Resolución"*, la Junta Revisora notificó a las partes que pudieran quedar adversamente afectadas sobre su derecho a solicitar Revisión Judicial ante este Foro. Sin embargo, por entender que la Junta Revisora erró en derecho al concluir que la subasta 23-SP-043 había sido debidamente adjudicada, el recurrente, consciente del curso apelativo adecuado y advertido, decidió presentar una *"Moción de Reconsideración a Resolución"*.

Planteamientos como el mencionado, o cualquier otro que entendiera necesario hacer, debieron plantearse en un recurso de Revisión Judicial dentro del término de veinte (20) días, luego de la *"Resolución"* recurrida, notificada el 3 de noviembre de 2023. El precitado término venció el 23 de noviembre de 2023. Por ser ese día uno festivo, y el viernes 24 también, los veinte (20) días terminaron de cursar el lunes 27 de noviembre de 2023. Sin embargo, el recurrente compareció ante nos el *7 de diciembre de 2023*. R&V General presentó el recurso de revisión administrativa *diez (10) días tarde.*

En vista de que el recurrente acudió ante esta Curia fuera del término jurisdiccional para así hacerlo, nos vemos imposibilitados de revisar la *"Resolución"* recurrida.

**IV.**

Por los fundamentos antes expuestos, *desestimamos por falta de jurisdicción el "Recurso de Revisión" presentado, por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones