Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **ALEJANDRO OVALLE MEJIAS**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCION Y REHABILITACIÓN**<br><br>Recurrido | KLRA202300660 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. Caso:<br>**FMCP-228-23**<br><br>Sobre: **Orden Aplicación de Ley 85, 87 y otros** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de febrero de 2024.

Comparece ante nos Alejandro Ovalle Mejías, en adelante, Ovalle Mejías o recurrente, por medio de un recurso de revisión administrativa, presentada el 26 de diciembre de 2023. Solicita que le ordenemos al Departamento de Corrección y Rehabilitación, en adelante, DCR, que otorgue las bonificaciones que en derecho proceden a su Hoja de Control de Liquidación de Sentencia, conforme a la Ley Número 85-2022.

Por los fundamentos que expondremos a continuación, *desestimamos el auto por falta de jurisdicción.*

### I.

Estando recluido en la Institución Carcelaria de Ponce 500, Ovalle Mejías presentó la *"Solicitud de Remedio Administrativo",* codificada como FMCP-228-23, el día 27 de septiembre de 2023.[1]

---

[1] Apéndice del escrito de DCR, pág. 4.

Número Identificador
RES2024_____

2

En la misma, el recurrente solicitó por primera vez que se apliquen las disposiciones de la Ley Núm. 85-2022 a su sentencia.

El 30 de octubre de 2023, el recurrente recibió la *"Clemencia Ejecutiva Núm. 2023-12"*, por el mínimo de su sentencia.[2]

El 17 de noviembre de 2023, Ovalle Mejías recibió una respuesta de la División de Remedios Administrativos, en adelante, División, el 17 de noviembre de 2023.[3] En la misma se le indicó que "[s]u caso se est[á] evaluando para ser aplicada la Ley 85 según se le inform[ó]".[4] Sin embargo, el 6 de diciembre de 2023, el recurrente presentó una "Solicitud de Reconsideración" ante la División.[5] Esta solicitud fue denegada mediante una resolución intitulada *"Respuesta de Reconsideración al Miembro de la Población Correccional"*.[6] En el mencionado escrito, se le indicó al recurrente que la evaluación de su solicitud estaba calendarizada para el mes de diciembre de 2023.[7]

Inconforme, Ovalle Mejías compareció ante esta Curia, mediante el recurso de autos, el 26 de diciembre de 2023. Mediante una *"Resolución"* el 16 de enero de 2024, este Tribunal ordenó a la parte recurrida a presentar su posición en cuanto al recurso, conforme a la Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63.

El 5 de febrero de 2023, el DCR presentó su *"Escrito en Cumplimiento de Resolución y Solicitud de Desestimación"*. En su alegato, la recurrida nos solicita que desestimemos el recurso de Ovalle Mejías, por entender que la clemencia ejecutiva que recibió ha tornado la controversia académica.

---

[2] Apéndice del escrito de DCR, pág. 12.
[3] *Id.* pág. 7.
[4] *Id.* pág. 8.
[5] *Id.* pág. 9.
[6] *Id.* pág. 11.
[7] *Id.*

El mismo día en que compareció la recurrida, es decir, el 5 de febrero de 2023, Ovalle Mejías presentó una *"Moción Informativa"*. En su escrito, el recurrente nos proveyó información adicional sobre el cumplimiento de su sentencia, y reiteró el petitorio del recurso administrativo ante nuestra consideración.

Con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II.**

**A. Jurisdicción**

Es norma conocida, que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Matos Zayas y otros v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage v. Fosass Blanco et al*, 211 DPR 135, 144 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500. Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Torres Alvarado v. Madera Atiles, supra; Morán v. Martí*, 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, solo resta la desestimación de la

reclamación sin entrar en los méritos del caso. *Mes Advantage, Inc. v. Fossas Blanco y otros*, supra.

### B. Academicidad

Es máxima de derecho que los Tribunales están llamados a resolver o adjudicar controversias jurídicas de carácter justiciable. *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010). El principio de justiciabilidad circunscribe las facultades de adjudicación que ostentan los Tribunales, a casos con partes que se encuentren en posiciones genuinamente antagónicas, y que desean una intervención oportuna y reparadora. *Super Asphalt v. AFI y otro,* supra; *Lozada Tirado et al. v. Testigos Jehová*, 177 DPR 893, 907 (2010); *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958).

La jurisprudencia ha reiterado que una controversia carece de justiciabilidad cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) ***hechos posteriores al comienzo del pleito han tornado la controversia en académica***; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Super Asphalt v. AFI y otro,* supra; *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017).

La justiciabilidad es una doctrina de rango constitucional que persigue el fin de evitar que se obtenga un fallo sobre una controversia o una determinación inexistente o impráctica. *E.L.A. v. Aguayo*, supra, pág. 582. Uno de los resultados de las controversias no justiciables, es la academicidad. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Nuestro más Alto Foro ha establecido que un caso es académico "cuando ocurren cambios durante el trámite judicial de

una controversia particular que hacen que esta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, supra, pág. 73; *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935 (1993).

Por ello, cuando un caso se torna académico, el foro judicial pierde jurisdicción sobre el mismo, y debe abstenerse de entrar en la controversia originalmente planteada. *Super Asphalt v. AFI y otro,* supra, pág. 816; *C.E.E. v. Depto. de Estado*, supra, pág. 595-596; *E.L.A. v. Aguayo,* supra. Así pues, la norma de la academicidad impide la creación de precedentes inoportunos. *Super Asphalt Pavement, Corp. v. AFI y otro*, supra; *P.N.P. v. Carrasquillo,* 166 DPR 70, 75 (2005).

Por su parte, y en reconocimiento de lo anteriormente expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que advenga académico, expresando que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> *(5) que el recurso se ha convertido en académico.*
> [...]

### III.

El recurrente compareció ante nos para solicitar que esta Curia intervenga en la aplicación de las bonificaciones, que, según él, al amparo de la Ley 85-2022, son aplicables a la liquidación de su sentencia. No obstante, luego de solicitarle esto al DCR, por

medio de un recurso administrativo, el recurrente fue parcialmente indultado.

El recurrente recibirá los beneficios que procura a favor de su sentencia, por medio de la clemencia ejecutiva parcial, no por los mecanismos provistos por la Ley 85-2022. Como resultado, ***el caso ante nos se ha tornado académico.***

## IV.

Por los fundamentos que anteceden, se *desestima el recurso ante nos por falta de jurisdicción, por academicidad.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones