Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>MANUEL CANALES VÁZQUEZ<br><br>Apelante | KLAN202401041 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Sobre:<br>Art. 182 CP (2012) Grave<br><br>Caso Núm.:<br>NSCR202200358 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

El apelante, señor Manuel Canales Vázquez, comparece ante nos para que revoquemos la *Sentencia Suspendida* emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 17 de octubre de 2024. Mediante la misma, el tribunal impuso al apelante una pena de tres (3) años de libertad a prueba, tras declararlo culpable de infracción al Artículo 182 del Código Penal de Puerto Rico, Ley 146-2012, 33 LPRA sec. 5252, que tipifica el delito de apropiación ilegal agravada.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

Tras los procesos de rigor, el 4 de noviembre de 2022, el Ministerio Público presentó una acusación en contra del apelante, por la comisión de los delitos de fraude en la ejecución de obras y apropiación ilegal agravada, respectivamente tipificados en los Artículos 204 y 182 del Código Penal de Puerto Rico, Ley 146-2012,

33 LPRA secs. 5274 y 5252. El 14 de junio de 2024, se celebró el juicio en su fondo. En igual fecha, el tribunal emitió un fallo de culpabilidad solo por la infracción al Artículo 182, *supra*. En consecuencia, el 17 de octubre de 2024, el apelante fue sentenciado a tres (3) años de sentencia suspendida.

El 21 de noviembre de 2024, el apelante compareció ante nos mediante el escrito de apelación que nos ocupa. En el mismo, impugna el fallo de culpabilidad emitido en su contra. Procedemos a expresarnos de conformidad con la norma que regula el adecuado trámite en alzada de la causa de epígrafe.

**II**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Mun. de Aguada v. W. Construction, LLC,* 2024 TSPR 69, 213 DPR ___ (2024); *Matos, Sostre v. Registradora,* 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al,* 211 LPRA 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 LPRA 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra,* 182 LPRA 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligado a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 LPRA 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 LPRA 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* 190 LPRA 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 LPRA 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse,

incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra.

En el anterior contexto, y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. de Corrección,* 209 LPRA 288, 299 (2022); *Ruiz Camilo v. Trafon Group Inc.,* supra. Así pues, su presentación no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Báez Figueroa v. Adm. de Corrección,* supra.

En materia de derecho apelativo, y conforme al ordenamiento vigente respecto a los casos de naturaleza criminal, la Regla 194 de las de Procedimiento Criminal 34 LPRA Ap. II, R. 194, establece que los recursos de apelación sometidos a la consideración del Tribunal de Apelaciones para revisar las sentencias finales emitidas por el Tribunal de Primera Instancia, deberán ser presentados dentro del término de treinta (30) días a partir de la fecha de **dictadas** las mismas. Por su parte, la Regla 23 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 23 (A), establece igual periodo para la formalización de dicho recurso. El antes aludido término es uno de carácter jurisdiccional, por lo que no se admite la existencia de justa causa para sostener el incumplimiento del trámite pertinente dentro del mismo.

### III

Siendo tardío el recurso de apelación que nos ocupa, estamos impedidos de entender sobre la controversia que propone. El apelante cuestiona los méritos de una sentencia de naturaleza criminal dictada el 17 de octubre de 2024. Tal y como esbozáramos, en la materia que atendemos, es desde dicha instancia procesal que comienza a decursar el plazo jurisdiccional de treinta (30) días para que la parte interesada apele el dictamen emitido en su contra, ello

mediante la correspondiente gestión en alzada. Siendo así, el apelante disponía hasta en o antes del sábado 16 de noviembre de 2024 para comparecer ante nos, que, por ser fin de semana, se trasladaba al próximo día laborable, a saber, el lunes 18 de noviembre de 2024. Habiendo presentado el recurso de apelación que nos ocupa el 21 de noviembre de 2024, a dos días de vencido el plazo jurisdiccional aplicable, resulta forzoso concluir que el mismo es tardío, defecto que nos impide asumir jurisdicción allí donde no la hay.

**IV**

Por los fundamentos que anteceden se desestima el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones