Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EDWIN MARTINEZ PADILLA**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE LA FAMILIA**<br><br>Recurrido | KLRA202300656 | REVISION ADMINISTRATIVA Procedente de Departamento de la Familia Junta Adjudicativa **Mayagüez**<br><br>Caso Núm.: 2023 PPSF 00039<br><br>Sobre: Maltrato Institucional con Fundamento |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2024.

Comparece ante nos Edwin Martínez Padilla, en adelante, Martínez Padilla o recurrente, solicitando que revisemos una "Resolución" de la Junta Adjudicativa del Departamento de la Familia, en adelante, la Junta Adjudicativa, notificada el 7 de noviembre de 2023, en el caso número 2023 PPSF 00039. En su determinación, la Junta Adjudicativa confirmó las determinaciones de la Unidad de Maltrato Institucional, en adelante, UMI, de la Administración de Familias y Niños del Departamento de la Familia de la Oficina Regional de Mayagüez, en adelante, ADFAN.

Por los fundamentos que expondremos a continuación, *desestimamos el presente recurso por falta de jurisdicción.*

### I.

Martínez Padilla, quien ha sido maestro de Bellas Artes en la Escuela Elemental Indiera Fría del Municipio de Maricao, fue denunciado por un informante ante el Departamento de la Familia,

en adelante, Departamento o recurrida.[1] Del Informe de la Oficial Examinadora del Departamento, en adelante, Informe, surge que el referido número 10396790, en adelante, referido, hecho el 26 de mayo de 2023 a la recurrida, proviene de unas alegaciones de abuso sexual a menores de edad por parte del recurrente.[2]

La UMI designó a una Trabajadora Social para que investigara las alegaciones, quien así lo hizo hasta el 21 de octubre de 2022.[3] En su *"Informe de Investigación de Referido de Maltrato o Negligencia Institucional en una Escuela"*, la Trabajadora Social que investigó el referido, concluyó que el mismo cuenta con fundamento.[4] Como resultado de las alegaciones, se presentó una querella en la Policía de Puerto Rico, asignada a la Unidad de Delitos Sexuales.[5]

Luego de la investigación llevada a cabo, la UMI concluyó que Martínez Padilla incurrió en Maltrato Institucional, bajo la modalidad de Abuso Sexual.[6] Es por esto que, el 1 de noviembre de 2022, ADFAN emitió una *"Notificación Sobre Resultado de Investigación de Maltrato o Negligencia Institucional"*, mediante la cual notificó el resultado de la investigación, a la escuela elemental en donde laboraba el recurrente.[7]

Inconforme, el 3 de noviembre de 2022, Martínez Padilla presentó una *"Apelación"* ante la Junta Adjudicativa, para solicitarle a esta que deje sin efecto la notificación del resultado de la investigación hecha por ADFAN, con relación al referido, y que concluyó que el mismo tiene fundamento.[8] El 31 de octubre de 2023, notificado el 7 de noviembre de 2023, la Junta emitió una

---

[1] Apéndice del recurso, pág. 6.
[2] *Id.*
[3] *Id.* pág. 37.
[4] *Id.* pág. 48.
[5] *Id.* pág. 8.
[6] *Id.*
[7] *Id.* pág. 28.
[8] *Id.* pág. 34.

*"Resolución"* confirmando el resultado de la investigación del referido.[9]

Ante este cuadro fáctico, el recurrente presentó una *"Moción de Reconsideración"* ante la Junta Adjudicativa el 28 de noviembre de 2023.[10] La misma fue declarada "No Ha Lugar" el 29 de noviembre de 2023.[11]

Así las cosas, el 21 de diciembre de 2023, el recurrente radica una *"Petición de Revisión de Decisión Administrativa"* ante este Tribunal. Mediante *"Resolución"* del 10 de enero de 2024, solicitamos al recurrente que evidenciara el cumplimiento de lo dispuesto en la Regla 58 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 58. También, ordenamos al Departamento que presentara su posición en cuanto al recurso, conforme lo dispuesto en la Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63.

El 22 de enero de 2024, la recurrida compareció ante esta Curia mediante una *"Solicitud de Desestimación"*. Finalmente, el 26 de enero de 2024, la recurrente presentó una *"Réplica a Moción de Desestimación"*.

Con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II.**

**A. Jurisdicción**

Es norma conocida, que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Matos Zayas y otros v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage v. Fosass Blanco et al*, 211 DPR 135, 144

---

[9] Apéndice del recurso, pág. 1.
[10] *Id.* pág. 18.
[11] *Id.* pág. 26.

(2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500. Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Torres Alvarado v. Madera Atiles, supra; Morán v. Martí*, 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, solo resta la desestimación de la reclamación sin entrar en los méritos del caso. *MCS Advantage, Inc. v. Fossas Blanco y otros*, supra.

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de

proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022) *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 386. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra, pág. 273; *FCPR v. ELA et al*, supra.

En adición, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B)     Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1)     que el Tribunal de Apelaciones carece de jurisdicción;
> [...]
> (C)     El Tribunal de Apelaciones, ***a iniciativa propia***, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
>
> (Énfasis suplido).

## B. Reconsideración

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, regula y codifica los trámites, facultades y responsabilidades de las agencias administrativas. Ley 38-2017, 3 LPRA sec. 9601 et seq; *ACT v. Prosol et als*, 210 DPR 897, 907 (2022). La Sección 3.15 de la LPAUG, supra, sec. 9655, establece el procedimiento para la reconsideración y la revisión de órdenes y resoluciones de la agencia administrativa:

> ***La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden***. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o

no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración.

[...]

(Énfasis suplido).

Una parte que quede inconforme con el resultado de su reconsideración tiene derecho a solicitar que un tribunal de mayor jerarquía revise la determinación administrativa que le afecte. *ACT v. Prosol et als,* supra; *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014). A esos efectos, la LPAUG, supra, en su Sección 4.2 dispone que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente ***podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final*** de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, ***cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.***

LPAU, supra, sec. 9655.

(Énfasis suplido).

De las precitadas secciones de la LPAU, supra, se desprende que el término jurisdiccional de treinta (30) días para solicitar revisión judicial queda interrumpido, cuando la parte recurrente presenta una oportuna moción de reconsideración. Ahora bien,

relevante al caso de marras, destacamos que cuando la reconsideración es hecha contraria a lo dispuesto estatutariamente, no puede considerarse presentada oportunamente, como exige la LPAUG, supra. *ACT v. Prosol et als,* supra, pág. 909; *Flores Concepción v. Taino Motors*, 168 DPR 504, 514 (2006).

### III.

Martínez Padilla recurre de una *"Resolución"* de la Junta Adjudicativa, *notificada el 7 de noviembre de 2023*. Solicita que declaremos "Con Lugar" su recurso, y ordenemos la revocación de la resolución recurrida. Sin embargo, nos vemos imposibilitados jurisdiccionalmente a revisar el dictamen en cuestión.

El recurrente presentó una *"Moción de Reconsideración"* ante la Junta Adjudicativa el 28 de noviembre de 2023, es decir, v*eintún (21) días después de la notificación de la resolución* para la cual solicitó reconsideración. El recurrente tenía hasta el veintisiete (27) del mismo mes para así hacerlo.

Por haber presentado la *"Moción de Reconsideración"* tardíamente, y siendo un término jurisdiccional el único remedio para impugnar la *"Resolución"* del 7 de noviembre de 2023 que tenía Martínez Padilla, era recurrir a este Tribunal mediante un recurso de revisión administrativa. **Sin embargo, este defecto resultó en una reconsideración en destiempo e inoportuna.**

**El término para recurrir al Tribunal de Apelaciones nunca se interrumpió por la "Moción de Reconsideración". En consecuencia, el recurrente tuvo hasta treinta (30) días después del 7 de noviembre de 2023, es decir, hasta el 7 de diciembre de 2023 para recurrir ante esta Curia.**

Los términos de revisión administrativa son de carácter jurisdiccional. Por haberse incumplido con estos, este Tribunal *carece de jurisdicción* para atender el recurso en autos.

**IV.**

Por los fundamentos que anteceden, *desestimamos el recurso ante nos por falta de jurisdicción, por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones