```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V
```

| | | |
|---|---|---|
| SALUD PARA TODOS, INCORPORADO<br><br>Recurrente<br><br>v.<br><br>CASA JUPITER, INC.; RR DONNELLEY DE PR CORP.<br><br>Recurrido | **KLRA202400424** | *REVISIÓN ADMINISTRATIVA* procedente de Junta de Subastas del Departamento de Educación de Puerto Rico<br><br>Caso Núm.: JR-24-129<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece ante este foro, Salud para Todos, Incorporado (Salud para Todos o "parte recurrente") solicitando que revisemos una *Resolución* de la Junta Revisora de Subastas de la Administración de Servicios Generales (Junta Revisora) emitida el 1 de julio de 2024. Mediante el referido dictamen, la Junta Revisora revocó la adjudicación de la Partida Núm. 10 de la Junta de Subastas del Departamento de Educación de Puerto Rico (Junta de Subastas), y declaró la subasta desierta.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

### I.

Según surge del expediente, la Junta de Subastas convocó a una Subasta Formal SF (OC) 2024-013, a tenor con la Ley Núm. 73-2019, según enmendada, conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico*, y la Orden Ejecutiva Núm. OE-2023-030 que enmienda el Boletín Administrativo OE-2019-039, para adquirir

materiales para las escuelas. En respuesta al anuncio de la subasta, veinte (20) licitadores presentaron sus propuestas, entre ellos se encontraba la parte recurrente.

Así las cosas, el 27 de junio de 2024, la Junta de Subastas notificó una enmienda a la adjudicación de la Subasta.[1] En ella, indicó que habían adjudicado la buena pro a los siguientes licitadores: Salud para Todos, Tecnolife of PR, y Synerfuel & Alliance Development, Inc. A la parte recurrente, le adjudicaron las siguientes partidas:

> Partida 1: Abanico de Pedestal
> Partida 2: Carpa 10'x10' con bulto para almacenar
> Partida 3: Can para enfriar el agua (similar a Igloo)
> Partida 4: Vasos insulados de 16 onzas (similar a Yeti)
> Partida 9: Loncheras (refrigerador con solapa [h]abitable)
> Partida 10: Máquina de hielo

Sin embargo, la Junta de Subasta determinó que la parte recurrente, no cumplió con lo requerido en el pliego de la Subasta o no representó los mejores intereses del Departamento de Educación para las partidas 1, 6, 7 y 8 por no ser las ofertas más económicas; y la partida 5, no fue adjudicada a ningún licitador.

En desacuerdo con la decisión de la Junta de Subastas, el 27 de junio de 2024, Casa Júpiter, Inc., quien fue uno de los licitadores no agraciados, presentó una *Solicitud de Revisión de la Partida Número 10 Máquinas de Hielo*, ante la Junta Revisora.[2]

El 11 de julio de 2024, la Junta Revisora emitió la *Resolución* recurrida.[3] Mediante esta, concluyó que la adjudicación de la Partida 10 a la parte recurrente debía

---

[1] *Resolución de Adjudicación (Aviso de Adjudicación) Enmendado,* anejo IV, págs. 57-69 del apéndice del recurso.
[2] *Solicitud de Revisión de la Partida Número 10 Máquinas de Hielo*, anejo V, págs. 74-79 del apéndice del recurso.
[3] *Resolución*, anejo VI, págs. 80-88 del apéndice del recurso.

ser revocada. Indicó que, al igual que los otros licitadores tampoco cumplió con los requisitos del pliego, por lo tanto, la declaró desierta. Finalmente, indicó que la parte afectada por dicha determinación podría presentar un recurso de revisión judicial ante este Foro dentro del término de **treinta (30) días**, contados desde el archivo en autos copia de la *Resolución*.

Inconforme, el 5 de agosto de 2024, Salud para Todos presentó el recurso de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

> ERRÓ LA JUNTA ASG AL NO DETERMINAR QUE LA RESOLUCIÓN EMITIDA POR LA JUNTA DEL DEPARTAMENTO DE EDUCACIÓN ADJUDICANDO LA PARTIDA 10 A LA COMPARECIENTE ES FINAL FIRME E INAPELABLE; DEBIDO A QUE: (I) LA MOCIÓN DE CASA JUPITER NO LE FUE NOTIFICADA A TODOS LOS LICITADORES, II) LA MOCIÓN DE CASA JUPITER NO FUE SUSCRITA POR UN ABOGADO A PESAR DE SER UNA CORPORACIÓN Y III) LA RESOLUCIÓN DE LA JUNTA ASG NO FUE NOTIFICADA A TODOS LOS LICITADORES.
>
> ERRÓ LA JUNTA ASG AL DECLARAR QUE LA OFERTA DE SPT EN EL RENGLÓN 10 NO FUE RESPONSIVA CUANDO ESA ENTIDAD: A) CONOCÍA DEL REQUISITO DE QUE LAS MÁQUINAS DE HIELO DEBÍAN SER INSTALADAS Y B) LA OFERTA DE SPT NO TOMO EXCEPCIÓN ALGUNA Y SE DEBÍA PRESUMIR QUE INCLUÍA EL REQUISITO DE INSTALACIÓN.
>
> LA JUNTA ASG ABUSÓ DE SU DISCRECIÓN AL NO CONCEDERLE LA DEBIDA DEFERENCIA A LA DECISIÓN DE LA JUNTA DE.

El 11 de septiembre de 2024, emitimos una *Resolución* mediante la cual ordenamos a las partes a que mostraran causa por la cual no debíamos desestimar el recurso por falta de jurisdicción, ante una notificación defectuosa de la adjudicación de la Subasta.

El 17 de septiembre de 2024, la parte recurrente presentó *Moción en Cumplimiento de Orden*.

No obstante, debido a que ya transcurrió el término dispuesto en nuestro Reglamento para que la parte recurrida presentara su escrito en oposición sin que este presentara alguna comparecencia, declaramos perfeccionado el recurso

de autos. Consecuentemente, procedemos a disponer de este, sin el beneficio de la comparecencia escrita de la parte recurrida.

**II.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Matos Zayas et al v. Registro de la Propiedad*, 2023 TSPR 148, 213 DPR ___ (2023); *MCS Advantage, Inc. v. Fossas Blanco et al,* 211 DPR 135, 144 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage, Inc. v. Fossas Blanco et al*, supra, pág. 145; *Allied Mgmt. Group v. Oriental Bank,* supra, pág. 386.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra, pág. 273; *FCPR v. ELA et al*, supra.

En adición, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), disponen lo siguiente sobre la desestimación de recursos carentes de jurisdicción:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**–B–**

La *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, Ley 73-2019, 3 LPRA *et seq.* 9831, en adelante, Ley Núm. 73-2019, en su Exposición de Motivos, establece como política pública del Gobierno de Puerto Rico la centralización de los procesos de compras gubernamentales bienes, obras y servicios. Esto último con el fin de lograr mayores ahorros fiscales y la transparencia en la gestión gubernamental. En armonía con lo anterior, se delegó en la Administración de Servicios Generales la responsabilidad de implantar la política pública, dirigir el proceso de adquisición de bienes y servicios, y la contratación de servicios del Gobierno de

Puerto Rico, entre otros. Art. 10 de la Ley Núm. 73-2019, *supra*, sec. 9832(e).

Mediante la Ley Núm. 73-2019 se creó a la Junta de Subastas, adscrita a la Administración de Servicios Generales, de naturaleza cuasijudicial, con la facultad de evaluar y adjudicar las subastas del Gobierno de Puerto Rico. Art. 47 de la Ley Núm. 73-2019, secc. 9836, *supra*. La Junta de Subastas está facultada para emitir invitaciones de subastas y solicitudes de propuestas selladas, evaluar y adjudicar las propuestas y/o subastas, no aceptar licitaciones que contengan precios en exceso del precio de venta al detal sugerido por el manufacturero, entre otros. Por otro lado, también se creó la Junta Revisora de Subastas, adscrita a la Administración, de igual naturaleza cuasijudicial, facultada para revisar cualquier impugnación de las determinaciones o adjudicaciones hechas, entre otras, por la Junta de Subastas. Art. 55 de la Ley Núm. 73-2019, secc. 9837.

En los casos de subastas, el Artículo 68 de la Ley Núm. 73-2019, *supra*, secc. 9838(e) dispone que la parte adversamente afectada por una determinación de la Junta Revisora podrá recurrir a este Tribunal mediante un recurso de revisión, conforme a lo establecido en *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, (LPAU), Ley 38-2017, 3 LPRA *et seq*. Por su parte, en el Artículo 4.2 de la LPAU dispone lo siguiente:

> En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, de la Junta Revisora de Subastas de la Administración de Servicios Generales, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un **término de veinte (20) días, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia,** la referida Junta Revisora de Subastas de la Administración de Servicios Generales o la entidad apelativa, o dentro

del término aplicable de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. […] 3 LPRA sec. 9672. (Énfasis nuestro).

Por otro lado, y en cumplimiento con lo dispuesto en el Artículo 25, se crea el *Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico*, en adelante, Reglamento Núm. 9230, aprobado por el Departamento de Estado de 18 de noviembre de 2020. En el mismo, se disponen las normas y procedimientos a seguir para la adquisición de bienes, obras y servicios no profesionales en el Gobierno. Art. 25 de la Ley Núm. 73-2019, *supra*, sec. 9834(a).

### III.

En el caso de autos, aunque la parte recurrente le imputó a la Junta Revisora la comisión de varios errores, la controversia medular que debemos resolver se reduce a que determinemos si la *Resolución* recurrida se notificó adecuadamente, es decir, de conformidad con las leyes y la reglamentación aplicable.

En esencia, el 11 de julio de 2024, la Junta Revisora emitió y notificó la *Resolución* recurrida. En ella incluyó la advertencia sobre el término que tienen las partes afectadas por la determinación para acudir ante este Foro, sin embargo, indicó que tendrían el término de **treinta (30) días**, desde el archivo de la copia de dicha *Resolución*.

No obstante, la Sección 4.2 de la LPAU, *supra*, dispone que la parte afectada por una orden o resolución final de la Junta Revisora podrá presentar una solicitud de revisión judicial ante este Foro dentro de un término de **veinte (20) días** calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora.

Conforme a lo anterior, resolvemos que la notificación es una defectuosa. Por ende, los términos para acudir en revisión judicial no han transcurrido aún. La referida *Resolución* debe notificarse nuevamente conforme dispone la Sección 4.2 de la LPAU, *supra*. Ello implica que Salud para Todos no podía recurrir de la *Resolución* ante este foro intermedio, pues el recurso de revisión administrativa es prematuro, por lo que carecemos de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de revisión judicial instado por la parte recurrente por falta de jurisdicción, ante la presentación prematura del mismo. En consecuencia, procede que la Junta Revisora notifique adecuadamente la adjudicación en cuestión.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones