Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JOSUE SANTIAGO DE JESUS**<br><br>Peticionario<br><br><br>v.<br><br><br>**DEPARTAMENTO DE CORRECCION Y REHABILITACION Y DEPARTAMENTO DE HACIENDA DE PUERTO RICO**<br><br>Recurridos | KLCE202400918 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **GUAYAMA**<br><br>Caso Núm.:<br>**GM2024CV00287 (Salón 302)**<br><br>Sobre: **MANDAMUS** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece ante nos Josué Santiago De Jesús, en adelante el apelante, mediante la presentación de un Recurso de Apelación que tituló *"Certiorari"*. En el mismo, recurre una *Sentencia* del Tribunal de Primera Instancia en Guayama, en adelante TPI-Guayama, emitida el 1 de julio de 2024, mediante la cual se desestimó una solicitud de *Mandamus* contra el Departamento de Hacienda de Puerto Rico, en adelante Departamento o la Recurrida.

Por tratarse sobre una *Sentencia final*, a pesar de solicitarse como *Certiorari*, este Tribunal lo atiende como *Recurso de Apelación*, pero mantiene la misma codificación alfanumérica.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por *falta de jurisdicción.*

Número Identificador
SEN2024_____

**I.**

El 21 de agosto de 2024, el apelante presentó *Recurso de Apelación* recurriendo una *Sentencia* emitida por el TPI-Guayama el 1 de julio de 2024. En esta se declaró *"No Ha Lugar"* una petición presentada por el apelante en la que solicitaba un *Mandamus* contra el Departamento de Hacienda.

El 4 de septiembre de 2024, el Tribunal de Apelaciones emitió una *Resolución* ordenándole al peticionario evidenciar el cumplimiento con lo establecido en la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33, en el término de cumplimiento estricto de cinco (5) días. Adicional a esto, también se le concedió hasta el 9 de septiembre de 2024 al Departamento para expresarse sobre el recurso.

El 9 de septiembre de 2024, el Departamento compareció mediante escrito titulado *"Solicitud de Término Adicional"*. En resumen, solicitaba la concesión de diez (10) días adicionales para presentar su alegato debido a la atención y manejo de varios asuntos impostergables en la oficina. Así también, recalcó *en la falta de cumplimiento por el peticionario en cuando a lo ordenado en la Resolución del 4 de septiembre de 2024, arguyendo que eso podría incidir en falta de jurisdicción por parte del Tribunal de Apelaciones.* Al presente, el peticionario no ha contestado.

**II.**

**A. Jurisdicción**

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR

384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, a iniciativa propia o *a petición de parte*, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada Regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> **(1) que el Tribunal de Apelaciones carece de jurisdicción;**
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

**B. Perfeccionamiento de los recursos ante el Tribunal de Apelaciones**

Lo cierto es que, en nuestro ordenamiento jurídico, el derecho a apelar una sentencia es de carácter estatutario, no constitucional. *Pérez Soto v. Cantera Pérez,* 188 DPR 98, 104 (2013). Sin embargo, es el Tribunal Supremo de Puerto Rico quien tiene la responsabilidad "de diseñar e implantar un sistema de normas que fomente la más sana y efectiva administración de la justicia, tanto en la jurisdicción original como en la apelativa". Id. En el ejercicio de dicha responsabilidad, resaltamos lo dispuesto en la Ley de la Judicatura de 2003, la cual dispone que nuestro Alto Foro tiene la facultad para diseñar las reglas que aseguren el "acceso fácil, económico y efectivo" al foro apelativo. Artículos 2.002 y 4.004, 4 LPRA secs. 24c y 24w, Ley Núm. 201 del 22 de agosto de 2003.

En respuesta a lo anteriormente esbozado, nuestro Tribunal Supremo aprobó el Reglamento del Tribunal de Apelaciones, el cual, en conjunto a otras disposiciones estatutarias, enmarcan la normativa para el trámite y perfeccionamiento de los recursos apelativos. *In re Aprobación Reglamento T.A.,* 162 DPR 444 (2004).

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); sobre el particular, nuestra más alta Curia ha expresado:

El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el

Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.

*Morán v. Martí,* 165 DPR 356, 367 (2005).

Cónsono a esto, la Regla 16(C)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 16 (C)(1), sobre contenido del escrito de apelaciones para su perfeccionamiento, establece que todo escrito de apelación contendrá:

(1) el nombre de las partes apelantes,

(2) ***Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal*** y

(3) ***una referencia a la sentencia cuya revisión se solicita***, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación,

(4) **una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**,

(5) un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia,

(6) **una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables** y

(7) **La súplica**.

### III.

El señor Josué Santiago De Jesús comparece ante nos solicitándonos la revisión de una Sentencia enviada *en el mes de julio del 2024*, emitida por el TPI-Guayama.[1] En el expediente no se

---

[1] Recurso de Apelación, pág. 1.

acreditó ni evidenció haberse cumplido con el requisito de notificación del recurso a la otra parte ni al Tribunal Apelado. Surge, además, que no se acompañó al recurso la sentencia específica para la que se solicita revisión, ni apéndice o documentos que puedan ayudar al Tribunal a tomar una determinación justa. Tampoco se desprende del expediente una relación de los hechos procesales y de los hechos importantes y pertinentes del caso ni una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables. Por último, tampoco queda claro la súplica del recurso con relación a la sentencia que se recurre.

Así las cosas, y ante el expediente incompleto de acorde al Reglamento del Tribunal de Apelaciones, nos encontramos ante un recurso sin perfeccionar que incide sobre la jurisdicción de esta Curia. Por tal razón, nos resulta forzoso la desestimación de este.

**IV.**

Por los fundamentos que anteceden, *desestimamos el recurso por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones