Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**MARIANO MALDONADO PAGAN**<br><br>Peticionario | KLEM202400004 | **REVISION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Caso Núm.:<br>**FVI1992G0002**<br><br>Sobre:<br>**SOLICITUD DE INFORME PRE-SENTENCIA** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de octubre de 2024.

Comparece ante nos, Mariano Maldonado Pagán, en adelante peticionario, solicitando que emitamos una orden al Tribunal de Primera Instancia, Sala Superior de Carolina, en adelante TPI-Carolina, para que le provea una copia del informe pre-sentencia del caso FVI1992G0002 y una copia del recurso de apelación del caso KLAN202200734.

Por los fundamentos que expondremos a continuación, *desestimamos el presente recurso.*

## I.

El peticionario es miembro de la población penal del Anexo Correccional de Bayamón 292. El 12 de agosto de 2024 presentó una "*Solicitud del Informe Pre-Sentencia*" al TPI-Carolina, y solicitó una copia certificada del informe pre-sentencia del caso

FVI1992G0002.[1] Por su parte, el Foro Primario respondió a la solicitud con un "*Memorando*", suscrito por la Secretaria Regional de Carolina.[2] En este, indicó que le devolvían el documento presentado por razones que incluía la falta del sello de la institución correccional, el sello forense, el sello arancelario, entre otros.

Inconforme, el 12 de septiembre de 2024, el peticionario compareció ante nos mediante el recurso de epígrafe. En el mismo arguye que el Foro Primario laceró su derecho a la información pública al no concederle acceso al informe pre-sentencia solicitado. Además, alega que anteriormente ha solicitado una copia del recurso de apelación del caso KLAN202200734, pero tampoco se le ha entregado. Por tanto, nos solicita que ordenemos al TPI-Carolina para que provea una *copia certificada del informe pre-sentencia* y una de la apelación.

Así las cosas, procedemos a resolver.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta Subastas Adm. Serv. Generales*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no

---

[1] Apéndice del recurso, Exhibit-1b.
[2] *Id.*, Exhibit-1a.

tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves,* 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio.* Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere facultad a este Tribunal para, *a iniciativa propia* o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. También, la precitada Regla dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

1) *que el Tribunal de Apelaciones carece de jurisdicción*;
2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3) que no se ha presentado o proseguido con diligencia o de buena fe;
4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
5) que el recurso se ha convertido en académico.

Por su parte y pertinente a la controversia ante nos, en virtud de lo dispuesto en el Artículo 4.006 de La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 21-2003, 4 LPRA sec. 24y, el Tribunal de Apelaciones tiene competencia para atender los siguientes asuntos:

   a. Mediante recurso de apelación de toda *sentencia final dictada por el Tribunal de Primera Instancia.*
   b. Mediante auto de Certiorari expedido a su discreción, de cualquier *resolución u orden dictada por el Tribunal de Primera Instancia.*
   c. Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las *decisiones, órdenes y resoluciones finales de organismos o agencias administrativas* [...]
   d. Cualquier panel del Tribunal de Apelaciones podrá expedir *autos de hábeas corpus y de mandamus* [...]
   e. Cualquier *otro asunto determinado por ley especial.*
   (Énfasis suplido)

## III.

En la presente causa, *el remedio que solicita el peticionario no es uno que compete a nuestra autoridad revisora.* Su reclamo no impugna los méritos de una sentencia final, resolución u orden emitida por el Tribunal de Primera Instancia, ni tampoco, el de una decisión final emitida en su contra por una agencia administrativa. A su vez, el asunto ante nos no compete ninguna ley especial, ni los autos de hábeas corpus o mandamus.

La prueba documental con la que acompaña su recurso el peticionario únicamente evidencia un "*Memorando*" en donde se le informó que su solicitud carecía de ciertos elementos, incluyendo los sellos pertinentes. Así las cosas, por no estar legitimados para atender el remedio que solicita el peticionario, no podemos proveer nada sobre el asunto que se nos plantea. *Únicamente nos resta declarar nuestra falta de jurisdicción sobre el recurso de epígrafe.*

## IV

Por los fundamentos expuestos, *desestimamos el recurso por falta de jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones