Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| WANDYANN MÁRQUEZ OLMEDO<br><br>Recurrida<br><br>v.<br><br>OFICINA DEL PROCURADOR DE LAS PERSONAS CON EDAD AVANZADA<br><br>Recurrida<br><br>y<br><br>OFICINA DE ADMINISTRACIÓN Y TRANSFORMACIÓN DE LOS RECURSOS HUMANOS DEL GOBIERNO DE PUERTO RICO<br><br>Recurrente | KLRA202500039 | Revisión Administrativa procedente de la Comisión Apelativa del Servicio Público<br><br>Sobre:<br>Clasificación de Puestos - PCRU<br><br>Caso Número:<br>2023-05-0469 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2025.

La parte recurrente, Oficina de la Administración y Transformación de los Recursos Humanos (OATRH), comparece ante nos para que dejemos sin efecto la determinación notificada por la Comisión Apelativa del Servicio Público (Comisión), el 25 de noviembre de 2024. Mediante la misma, el referido organismo impuso a la parte recurrente una sanción económica de quinientos dólares ($500.00), por incumplir con una *Orden* previamente emitida.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Número Identificador

SEN2025 _____

**I**

Conforme surge, la parte aquí recurrente fue incluida en la causa de epígrafe a instancias de la Oficina del Procurador para las Personas de Edad Avanzada, como parte apelada en el proceso administrativo ante la Comisión.  Como resultado, el 4 de junio de 2024, la parte recurrente presentó una *Moción Asumiendo Representación Legal, en Solicitud de Copia de la Apelación y Término Adicional.*  En la misma, en esencia, requirió que se proveyera para su súplica en los términos expuestos, y que se le concediera un plazo adicional para presentar su alegación responsiva, una vez examinado el expediente del caso. Así las cosas, el 12 de junio de 2024, la parte recurrente nuevamente compareció ante la Comisión mediante *Moción Informando Trámites al Honorable Foro y en Solicitud de Término Adicional.*

Mediante *Orden* notificada el 13 de junio de 2024, la Comisión declaró *Con Lugar* la moción que la parte recurrente presentó el 4 de junio de 2024.  En consecuencia, le extendió un plazo de treinta (30) días a para presentar su alegación responsiva.  En el referido pronunciamiento, la Comisión apercibió a la parte recurrente que el incumplimiento con lo ordenado, dentro del término provisto, conllevaría la imposición de una sanción económica no menor a quinientos dólares ($500.00) y ascendente hasta diez mil dólares ($10,000.00).

Así las cosas, el 20 de junio de 2024, la Comisión emitió una *Orden* en la que, en atención a la moción con fecha del 12 de junio de 2024, concedió a la parte recurrente hasta el 15 de julio de 2024 para presentar su alegación responsiva.  Igualmente, le extendió un término independiente de cinco (5) días para aclarar cierta información relacionada a la tramitación de la causa de epígrafe. Nuevamente, el Organismo advirtió a la parte recurrente que, de

incumplir con lo requerido, quedaría sujeta a la imposición de sanciones en los términos antes indicados.

El 10 de octubre de 2024, la Comisión emitió una tercera *Orden* a la parte recurrente a los fines de que mostrara causa por la cual no debía sancionársele por incumplir con la *Orden* notificada el 20 de junio de 2024. Toda vez que esta no presentó comparecencia alguna, el 25 de noviembre de 2024, la Comisión notificó la *Orden* aquí recurrida. En virtud de la misma, y toda vez el incumplimiento de la parte recurrente con los mandatos emitidos por el Organismo, este le impuso una sanción económica a la parte recurrente de quinientos dólares ($500.00), a satisfacerse en un término de veinte (20) días.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 16 de enero de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo, formula el siguiente señalamiento:

> Erró la Comisión Apelativa del Servicio Público (CASP) al imponer una sanción por la cantidad de $500.00 a la OATRH.

Luego de examinar el expediente de autos, procedemos a expresarnos a tenor con la norma que dispone del más adecuado trámite en alzada de la causa de autos.

**II**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power Inc. v. Junta Subastas ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora,* 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *FCPR v. ELA et al,* 211 LPRA 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 LPRA 586, 600 (2021). Es premisa cardinal en nuestro estado de derecho que los

tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Fuentes Bonilla v. ELA et al.,* 200 LPRA 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 LPRA 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* 190 LPRA 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 LPRA 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra.

En lo pertinente, la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Conforme lo dispuesto en la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final** de la agencia o a partir de la fecha aplicable a las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […].
>
> **Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente**. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.
>
> […]
>
> 3 LPRA sec. 9672. (Énfasis nuestro.)

Con relación al principio de finalidad antes expuesto, la norma vigente reitera que, las limitaciones al mismo, "también se extienden a los dictámenes parciales que, por definición de la LPAU, son aquellos que adjudican algún derecho u obligación sin poner fin a la controversia total, sino a un aspecto específico de esta". *Simpson y otros v. Consejo de Titulares y otros*, 2024 TSPR 64, 213 DPR ___ (2024). Por su parte, nuestro estado de derecho reconoce ciertas excepciones a la regla que exige la finalidad de la resolución administrativa que está sujeta a revisión. De este modo, cuando se trate de una actuación *ultra vires* o sin jurisdicción del foro administrativo, el ejercicio de la intervención del tribunal queda avalada. *AAA v. UIA*, 199 DPR 638, 916 (2018). Por igual, conforme lo resuelto por la casuística, la revisión de una orden interlocutoria emitida por una agencia administrativa sobre la descalificación de un abogado también constituye una excepción a la doctrina general antes esbozada. *ORIL v. El Farmer Inc.,* 204 DPR 229, 245 (2020). Asimismo, nuestro más Alto Foro ha reiterado que, aun cuando el requisito de finalidad de las determinaciones administrativas es distinto a la doctrina de agotamiento de remedios, ambas tienen un alcance análogo y, de ordinario, gozan de las mismas excepciones. *Íd.*, págs. 239-240.

Por su parte, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56, arroga a este Foro competencia suficiente para revisar las determinaciones emitidas por un organismo administrativo. Sin embargo y cónsono con lo dispuesto en el estatuto antes esbozado, resulta medular que la parte interesada recurra de un pronunciamiento agencial final que plantee una controversia legítima.

**III**

Un examen del expediente que nos ocupa revela que la parte recurrente no impugna los méritos de una orden o resolución

administrativa final. Su cuestionamiento se ciñe a oponerse a la imposición de una sanción por incumplimiento de órdenes dirigidas al trámite del proceso en la Agencia, que, ciertamente, no arroga finalidad a la controversia habida ante el organismo administrativo. El dictamen en cuestión es uno de carácter interlocutorio, no inmerso dentro del margen de excepción establecido por el ordenamiento jurídico y, por ende, no sujeto a la ejecución de nuestras funciones de revisión. Siendo así, por no recurrir de un pronunciamiento final respecto al cual podamos ejercer las facultades que nos asisten, carecemos de jurisdicción para entender sobre la causa de epígrafe.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones