Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **LUIS HIRAM QUIÑONES SANTIAGO**<br><br>Parte Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Parte Recurrida | KLRA202500059 | **REVISIÓN ADMINISTRATIVA**<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>CASO NÚM.:<br>**GMA1000-413-24**<br><br>Sobre:<br>**SOLICITUD REMEDIO ADMINISTRATIVO** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece ante nos, Luis H. Quiñones Santiago, en adelante, Quiñones Santiago o recurrente, solicitando que revisemos una determinación de la División de Remedios Administrativos, en adelante, DRA, del Departamento de Corrección y Rehabilitación, en adelante, DCR o apelado.

Por los fundamentos que expondremos a continuación, *desestimamos* por falta de jurisdicción.

**I.**

Según los documentos que obran en autos, y los escritos de las partes, el recurrente se encontraba recluido en la Institución Correccional de Guayama 500. Estando recluido ahí, participó del curso de Asistente Administrativo (Gerencia en Oficina), ofrecido durante los meses de agosto del año 2023 a mayo del año 2024, aunque sin completarlo.[1] Sin embargo, el 15 de mayo de 2024, fue trasladado a la Institución Correccional de Guayama 1000.

---

[1] Apéndice del escrito en oposición, Anejo 1.

Ahora bien, el 4 de octubre de 2024, la DRA recibió la *"Solicitud de Remedio Administrativo"* con número de solicitud GMA1000-413-24.[2] En su petitorio, el recurrente solicitó que el DCR le entregara *una certificación con las horas completadas en el curso de Asistente Administrativo*. El 18 de noviembre de 2024, Quiñones Santiago recibió una respuesta, en la que se le indicó que su solicitud había sido referida al Director Regional en Ponce.[3]

Inconforme, el recurrente solicitó una reconsideración el 26 de noviembre de 2024, la cual fue recibida por la DRA, el 10 de diciembre de 2024.[4] El 16 de enero de 2025, mediante respuesta, la DRA le explicó a Quiñones Santiago que consultó su solicitud con el Área Educativa de la institución en la cual se encontraba recluido al momento de tomar el curso, y le indicaron que esa información podría brindarla el Área Educativa de Ponce.[5]

Sin embargo, el 23 de enero de 2025, el recurrente compareció ante esta Curia mediante un recurso de revisión administrativa. En la misma, indicó que la recurrida aún no le había hecho entrega de la certificación. Por ello, nos solicitó que ordenáramos al DCR a expedir la misma. Mediante *"Resolución"* del 28 de enero de 2025, le concedimos a la recurrida hasta el 24 de febrero de 2025 para presentar su posición con relación al recurso, conforme lo dispone la Regla 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 63. Luego de una breve prórroga, el 5 de marzo de 2025, el DCR presentó su escrito en cumplimiento.

## II.

### A. Jurisdicción

Conocido es que la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias

---

[2] Apéndice del recurso, Anejo 1.
[3] *Id.*, Anejo 2.
[4] *Id.*, Anejo 3.
[5] *Id.,* Anejo 4.

que tiene ante sí. *Freire Ruiz de Val y otros v. Morales Román*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Construction, LLC,* 2024 TSPR 69, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2023); *R & B Power Inc. v. Junta Subastas ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). También, un tribunal deberá poseer "tanto jurisdicción sobre la materia como sobre las partes litigiosas". *Mun. Aguada v. W. Construction, LLC,* supra; *Adm. Terrenos v. Ponce Bayland*, supra, citando a *Shell v. Srio. Hcienda*, 187 DPR 109, 122 (2012). Véase, además, *FCPR v. ELA et al.*, supra, pág. 530; *Cobra Acquisitions v. Mun. Yabucoa et al.,* supra, pág. 394.

La falta de jurisdicción de un foro judicial incide de manera fatal sobre su autoridad para adjudicar una materia, por lo que puede levantarse motu proprio. *Cobra Acquisitions v. Mun. de Yabucoa*, supra, págs. 394-395; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Freire Ruiz de Val y otros v. Morales Román*, supra; *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

No es necesario que una o ambas partes cuestionen la jurisdicción de un tribunal, sino que es nuestro deber levantarlo *motu proprio*. Así lo establece la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, la cual confiere

facultad a este Tribunal para, *a iniciativa propia* o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Academicidad

Es máxima de derecho que los Tribunales están llamados a resolver o adjudicar controversias jurídicas de carácter justiciable. *Buxo Santiago v. O.E.G.,* 2024 TSPR 130, 215 DPR ___ (2024); *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Moreno v. Pres. UPR II,* 178 DPR 969, 973 (2010). El principio de justiciabilidad circunscribe las facultades de adjudicación que ostentan los Tribunales, a casos con partes que se encuentren en posiciones genuinamente antagónicas, y que desean una intervención oportuna y reparadora. *Super Asphalt v. AFI y otro,* supra, pág. 815; *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 907 (2010); *E.L.A. v. Aguayo,* 80 DPR 552, 584 (1958).

La jurisprudencia ha reiterado que una controversia carece de justiciabilidad cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) ***hechos posteriores al comienzo del pleito han tornado la controversia en académica***; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Super Asphalt v. AFI y otro,* supra, pág. 815, citando a *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68-69 (2017).

La justiciabilidad es una doctrina de rango constitucional que persigue el fin de evitar que se obtenga un fallo sobre una controversia o una determinación inexistente o impráctica. *E.L.A. v. Aguayo,* supra, pág. 582. Uno de los resultados de las controversias no justiciables, *es la academicidad. Crespo v. Cintrón,* 159 DPR 290,

298 (2003). Nuestro más Alto Foro ha establecido que un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que esta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador*, supra, pág. 73; *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935 (1993).

Por ello, cuando un caso se torna académico, ***el foro judicial pierde jurisdicción sobre el mismo, y debe abstenerse de entrar en la controversia originalmente planteada***. *Super Asphalt v. AFI y otro,* supra, pág. 816; *C.E.E. v. Depto. de Estado*, supra, págs. 595-596; *E.L.A. v. Aguayo*, supra. Así pues, la norma de la academicidad impide la creación de precedentes inoportunos. *Super Asphalt v. AFI y otro*, supra; *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

Por su parte, y en reconocimiento de lo anteriormente expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los siguientes motivos:

> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> ***(5) que el recurso se ha convertido en académico.***
>
> [Énfasis nuestro]

## III.

Quiñones Santiago nos solicita que revisemos los resultados de la *"Solicitud de Remedio Administrativo"* que presentó ante la DRA. En ella, peticionó la entrega de un certificado que acreditara las horas completadas en un curso académico. Sin embargo, estos le indicaron, tanto en la contestación original, como en la respuesta a la reconsideración, que habían referido su solicitud al medio pertinente. Aun así, inconforme con esto, recurrió ante nos.

Luego de recibir el recurso de epígrafe, le concedimos un término al DCR para presentar su posición. En su escrito en cumplimiento del 5 de marzo de 2025, alegó que el recurso resultaba académico. Esto, ya que *la "Certificación de Horas" solicitada por el recurrente, y objeto de la controversia de marras, fue emitida el 10 de febrero de 2025.* En sus anejos, se encuentra copia de esta carta. Además, surge de los documentos presentados por la recurrida, que *Quiñones Santiago recibió el mismo el 11 de febrero de 2025.*

Ante la exposición normativa del principio de justiciabilidad y el recibo de la certificación solicitada, entendemos que no queda ninguna controversia real que resolver. Como resultado, ***el caso ante nos, se ha tornado académico***.

## IV.

Por los fundamentos que anteceden, *se desestima el presente recurso de revisión judicial por falta de jurisdicción, por academicidad.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones